CLERK'S OFFICE
A TRUE COPY
Dec 30, 2020
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched
or identify the person by name and address)* )
5025 26th Avenue, Kenosha, Wisconsin, 53140; Gold Toyota Camry with VIN number 4T1BF28KXXU930866; property and belongings of Ashton Lamont Howard, see Attachment A )

Case No. **20-M-508 (SCD)**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   Wisconsin   *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   1-13-21   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   U.S. Magistrate Judge Stephen C. Dries  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of ___.

Date and time issued:   12-30-20. 4:20 pm   *Stephen C. Dries*
*Judge's signature*

City and state:   Milwaukee, Wis   U.S. Magistrate Judge Stephen C. Dries
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

*Property and Person to be searched*

The property and person to be searched are further described as follows:

- The premises known as 5025 26th Avenue, Kenosha, Wisconsin, 53140, more particularly described as the southern unit of a bi-level side-by-side duplex, tan in color with a single car garage attached to the residence. The numbers 5025 are displayed beside the garage. Each unit has its own front door. Unit 5025 has the southern door.

- The vehicle identified as a gold Toyota Camry with VIN number 4T1BF28KXXU930866;

- The person of Ashton Lamont Howard, Date of Birth XX/XX/1993, including all items in his physical possession, on his person, or in areas within his immediate control.

## ATTACHMENT B

*Property to be seized*

1.      All records relating to violations of 18 U.S.C. § 231(a)(3) (committing an act intended to obstruct, impede, or interfere with a law enforcement officer lawfully engaged in the lawful performance of his official duties incident during the commission of a civil disorder) and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) those violations involving Ashton Lamont Howard and occurring after May 1, 2020, including:

      a.      Records and information relating to obstruction, impediment, injury, or interference with law enforcement officers;

      b.      Records and information relating to firearms;

      c.      Clothing and other items worn or used by the suspect during protests and civil unrest in Kenosha, Wisconsin, in August 2020;

      d.      LG phone, model LM-X210APM (Phoenix 4), and any device that is or was assigned or connected to phone number 630-624-7752.

2.      For any storage medium whose seizure is otherwise authorized by this warrant, and any storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "computer"):

      a.      evidence of who used, owned, or controlled the computer at the time the things described in this warrant were created, edited, or deleted, such as logs, registry

entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the computer of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer;

h. evidence of the times the computer was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the computer;

j. documentation and manuals that may be necessary to access the computer or to conduct a forensic examination of the computer;

k. records of or information about Internet Protocol addresses used by the computer;

l. records of or information about the computer's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

3

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the property described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of Howard to the fingerprint scanner of the device(s); (2) hold the device(s) in front of the face of Howard and activate the facial recognition feature; and/or (3) hold the device(s) in front of the face of Howard and activate the iris recognition feature, for the purpose of attempting to unlock the device(s) in order to search the contents as authorized by this warrant.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.